**Gill & Chamas, L.L.C.**
*By: WALTER DANA VENNEMAN (#023901997)*
655 Florida Grove Road
P.O. Box 760
Woodbridge, New Jersey 07095
732-324-7600
732-324-7606 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| **PETER NAHACZEWSKI** <br><br> Plaintiff, <br><br> vs. <br><br> **BUCK GLOBAL, LLC; AND ABC CORPS (I --V); AND JANE AND JOHN DOE INDIVIDUALS (1 – 10)** <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: UNION COUNTY <br><br> DOCKET NO.: UNN-L-1853-20 <br><br> Civil Action <br><br> **SUMMONS** |

From the State of New Jersey
to the Defendant(s) named above: BUCK GLOBAL LLC

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee^ payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the legal services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 15, 2020

                                                                    **Michele M. Smith**
                                                    Clerk, Superior Court of New Jersey

Name of Defendant to be Served: BUCK GLOBAL LLC
Address of Defendant to be Served: 80 STATE STREET, ALBANY, NY 12207
$105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES

**Gill & Chamas, L.L.C.**
*By: WALTER DANA VENNEMAN (#023901997)*
655 Florida Grove Road
P.O. Box 760
Woodbridge, New Jersey 07095
732-324-7600
732-324-7606 (fax)

*Attorneys for Plaintiff*

| | |
|---|---|
| PETER NAHACZEWSKI<br><br>Plaintiff,<br>vs.<br><br>BUCK GLOBAL, LLC; AND ABC CORPS (I --V); AND JANE AND JOHN DOE INDIVIDUALS (1 – 10)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT** |

The Plaintiff, Peter Nahaczewski, residing in Scotch Plains, County of Union, State of New Jersey by way of his Complaint against the Defendant(s), states the following:

### FIRST COUNT

1. Plaintiff, Peter Nahaczewski, is an individual residing in Scotch Plains, New Jersey, 07076.

2. The defendant, BUCK GLOBAL, LLC, (hereinafter, "Buck") is an integrated HR consulting, benefits administration, and technology services provider. Buck is a limited liability company authorized to do business in the State of New Jersey, registered in Delaware under file # 2726054, with offices throughout the United States and abroad, including an office at 500 Plaza Drive, Secaucus, New Jersey, 07094.

3.      At all times relevant and pertinent to this complaint, defendant Buck is and was an "employer" within the State of New Jersey and is and was required to abide by the state laws which prohibit workplace discrimination, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq*.

4.      The defendant Buck, as an employer within the State of New Jersey, was compelled to treat all employees, fairly, equally, without discrimination, and were required to obey and follow the laws of the State of New Jersey, including specifically those laws which prohibit discrimination in hiring or discharging an individual based on their age, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq*.

5.      On or about August 10, 2015, plaintiff was hired by defendant Buck as an "Account Manager."

6.      At all times relevant and pertinent hereto, plaintiff performed his duties, and met all terms, duties and conditions of his employment in a satisfactory manner.

7.      On or about May 20, 2019, defendant Buck, through its employee and supervisor, Patcicia Gibney, placed plaintiff on a Performance Improvement Plan (hereinafter "PIP") which was verbal, and required plaintiff to participate in weekly meetings and send email updates to his supervisor, Patricia Gibney.

8.      Prior to being placed on the May 2019 PIP, defendant Buck, through its employee and supervisor, Patricia Gibney, probed plaintiff about his retirement plans.

9.      At all times pertinent and relevant to said PIP, plaintiff continued to update his supervisor, Patricia Gibney, and received responses from same, such as "great news" or "nice job."

10. Nevertheless, on or about October 4, 2019, defendant Buck, through Patricia Gibney, orally advised plaintiff that he was being terminated for performance deficiencies.

11. At no time since the initiation of the May 2019 PIP, was plaintiff advised by defendant that he was not meeting performance standards.

12. At the time of plaintiff's termination from employment, plaintiff was sixty-five years old.

13. At no time was plaintiff provided with any written or formal notice of termination, other than the oral termination by Patricia Gibney in her capacity as an upper level employee of defendant Buck.

14. Throughout plaintiff's time with defendant Buck, up to and including his wrongful termination on October 4, 2019, plaintiff possessed the bona fide occupational qualifications for the job position.

15. Notwithstanding plaintiff's continuous bona fide occupation qualifications for the job position, defendant wrongfully terminated plaintiff due to his age in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq*.

16. As a direct result of the unlawful actions of the defendant and its employees, violation of the laws of the State of New Jersey, such as but not limited to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*, plaintiff has been deprived of his salary, benefits, financial security, loss of enjoyment of work, suffered and continues to suffer compensatory and pecuniary damages and losses, emotional distress, anxiety, sleeplessness, humiliation, embarrassment, nervous anguish, mental and emotional upset, and has had his civil rights violated.

**WHEREFORE**, the plaintiff demands judgment against the defendant and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

    A. Reinstatement;

    B. Compensatory damages, including but not limited to front and back pay and benefits;

    C. Punitive damages;

    D. Attorney's fees and costs;

    E. All other relief permitted by the New Jersey Law Against Discrimination;

    F. Together with interest and costs of suit.

## SECOND COUNT

19. Plaintiff repeats and incorporates herein the allegations of the First Count as if set forth in full.

20. Defendant Buck did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first count of the complaint, and/or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*, and other state laws as the facts may show.

21. ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first count of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*, and other state laws as the facts may show.

22. Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) did participate in, aid, abet, further, advance and/or conspired to engage in one or more of the discriminatory practice(s) alleged in the first count of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*, and other state laws as the facts may show.

23. Defendant Buck's, as well as ABC Corps 1 – V, (said names of corporations being fictitious, correct names currently unknown to plaintiff),and Jane and John Doe Individuals (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) conspiratorial and unlawful conduct was intended to discriminate against the plaintiff, avoid the laws of the State of New Jersey, to avoid public scrutiny, and/or avoid tarnishing its/their reputation and image.

**WHEREFORE**, these defendants are liable to plaintiff and plaintiff demands **PUNITIVE DAMAGES** and judgment outlined below against the defendant Buck, ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe

Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

    A. Reinstatement

    B. Compensatory damages;

    C. **Punitive damages;**

    D. Attorney's fees and costs;

    E. All other relief permitted by the New Jersey Law Against Discrimination;

    F. Together with interest and costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE,** that pursuant to the Rules of Court, Walter Dana Venneman is hereby designated as trial counsel of the within matter.

Dated: 6/8/2020

                                            GILL & CHAMAS, LLC
                                            Attorneys for Plaintiff Peter Nahaczewski

                                            By: _Walter Dana Venneman_
                                                     WALTER DANA VENNEMAN

## CERTIFICATION PURSUANT TO R. 4:5-1

I, WALTER DANA VENNEMAN, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a member of the firm of Gill & Chamas, LLC and, as such, am fully familiar with same.

2. To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division of Union. Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated at this time.

I do hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 6/8/2020

GILL & CHAMAS, LLC
Attorneys for Plaintiff, Monique Jemerson

By: _____
WALTER DANA VENNEMAN

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-001853-20

**Case Caption:** NAHACZEWSKI PETER VS BUCK GLOBAL LLC
**Case Initiation Date:** 06/08/2020
**Attorney Name:** W DANA VENNEMAN
**Firm Name:** GILL & CHAMAS LLC
**Address:** 655 FLORIDA GROVE RD P.O. BOX 760 WOODBRIDGE NJ 07095
**Phone:** 7323247600
**Name of Party:** PLAINTIFF : NAHACZEWSKI, PETER
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: PETER NAHACZEWSKI?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

06/08/2020                                                                           /s/ W DANA VENNEMAN
Dated                                                                                 Signed

```
UNION COUNTY SUPERIOR COURT
2 BROAD STREET
CIVIL DIVISION
ELIZABETH         NJ 07207
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 787-1650
COURT HOURS  8:30 AM - 4:30 PM

                     DATE:  JUNE 08, 2020
                     RE:    NAHACZEWSKI PETER  VS BUCK GLOBAL LLC
                     DOCKET: UNN L -001853 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES HELY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (908) 787-1650 EXT 21493.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                     ATTENTION:
                                ATT: W D. VENNEMAN
                                GILL & CHAMAS LLC
                                655 FLORIDA GROVE RD
                                P.O. BOX 760
                                WOODBRIDGE       NJ 07095

ECOURTS
```